# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO DOMINGUEZ-OLLARSOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-446-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Dominguez-Ollarsoval (Dominguez) challenges the 24-month term of imprisonment imposed following his guilty-plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the non-guideline sentence, which is above the advisory guidelines range of 10 to 16 months, is unreasonable and greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51302

Where, as in the instant proceeding, there is no procedural error, this court reviews the sentence for substantive reasonableness under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The specific characterization of the sentence is irrelevant as long as the sentence is reasonable under the totality of the relevant factors in § 3553(a). *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

In Dominguez's case, the district court's reasons for the sentence were fact-specific and consistent with the § 3553(a) sentencing factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Although Dominguez argues that the district court placed undue weight on his criminal history, a district court may consider a defendant's criminal history when imposing a non-guidelines sentence. *See Smith*, 440 F.3d at 709; U.S.S.G. § 1B1.4 (2013). Additionally, while Dominguez contends that the district court failed to properly consider his personal circumstances, there is no requirement that a sentencing court accord personal circumstances dispositive weight. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Finally, this court has upheld upward departures or variances of similar or greater magnitudes. *See United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.